FULMER, Judge.
In the delinquency proceeding underlying this appeal, the State charged A.M., a juvenile, with fraudulent use of a credit card after her mother reported that A.M. had removed the credit card from the mother’s wallet and used it without her consent to make several purchases, totaling $349, over a period of several days. The delinquency petition alleged, in relevant part, that A.M. did:
with intent to defraud the issuer or a person or organization providing money, goods, services or anything else of value, use a credit card more than two (2) times in a six (6) month period or obtained money, goods, services or anything else of a value of greater than One Hundred Dollars ($100.00) by representing, without the consent of the cardholder, that he is the holder of the card so used, contrary to Section 817.61, Florida Statutes....
We reverse the adjudication of delinquency because the State presented no proof at trial that A.M. represented herself to be the holder of the card or that she intended to defraud the merchants from whom she obtained goods.
The undisputed facts are that A.M. used the card to make several of the purchases at issue and that, at all times, she signed the charge slips in her own name. Moreover, when questioned, A.M. explained to a sales clerk that she was the daughter of the cardholder. At no time did A.M. ever represent to anyone that she was the holder of the card. When the first bill arrived in the mail, the mother discovered the *646 charges. A.M. made one payment on the account and told her mother she would continue paying off the balance due. The mother testified that she refused the offer and paid the bill herself because she wanted the matter pursued. The dispute at trial centered on whether the mother had given A.M. permission to use the card.
The State argues that by tendering the credit card and signing the charge slips, A.M. represented to the merchants that she was authorized to use the card when, in fact, she had no such authorization. When viewed in the light most favorable to the State, there is no question that the evidence presented by the State proved that A.M. falsely represented to the merchants that she had her mother’s consent to use the card to obtain items of value. However, these facts do not constitute a violation of section 817.61, Florida Statutes (1999). The facts proven at trial may constitute theft of the card, as prohibited by section 812.014, Florida Statutes (1999), or fraudulent use of the credit card, as prohibited by section 817.60(1), Florida Statutes (1999). But, the State failed to prove that A.M. fraudulently represented herself to be the holder of the card or that she intended to defraud any merchants, both of which are elements of the offense with which A.M. was charged.
The dissent suggests that the petition should be considered to simply have a defect that does not warrant dismissal. However, the petition has no defect. It clearly sets forth elements that constitute a violation of section 817.61, not section 817.60. It is well settled that “an accused is entitled to have the charge lodged against him proved substantially as laid, and that he cannot be prosecuted for one offense and convicted and sentenced for another, even though the offenses are of the same general nature or character, or carry with them the same penalty.” Cooper v. City of Miami, 86 So.2d 195, 196 (Fla.1948); see also D.M.M. v. State, 275 So.2d 308 (Fla. 2d DCA 1978).
Because the State failed to prove the offense alleged in the delinquency petition, the adjudication of delinquency is reversed and set aside.
Reversed.
BLUE, J., Concurs.
THREADGILL, A.C.J., Dissents with opinion.