DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LEONARD ALVIN JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-590

[March 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 502016CF007717AXXXMB.

Carey Haughwout, Public Defender, and Travis Dunnington, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Joseph D. Coronato, Jr., Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant was convicted of multiple charges including trespass of a structure, petit theft, and fraudulent use of a credit card in violation of section 817.61, Florida Statutes (2016). On appeal he argues only that the trial court erred in denying his motion for judgment of acquittal as to the fraudulent use of a credit card. He contends that in using the stolen credit card he never represented that he was authorized to use the card. Because the state had charged him alternatively with using the card or fraudulently representing he was the holder of the card, and the evidence undisputedly showed that he used the stolen card, the court did not err in submitting the case to the jury. We therefore affirm.

The victim whose credit card was stolen was on a retreat at a monastery when she received an alert that her debit card had been used to charge something. The victim testified that she did not give anyone permission to use her card. Knowing that she had not made any charges, she discovered that her entire purse was missing. When informed of the theft, an

employee of the monastery described an individual on the premises wearing a construction vest and acting suspiciously. The individual attempted to hide when he saw the employee. The employee later identified appellant's picture in a photo lineup. After an officer arrived and commenced an investigation, he went to a McDonald's where the debit card had been used twice, according to the credit card records. Pulling surveillance videos from the store for the time during which the transaction occurred, the officer developed a description and sent out a flyer, with an image from the video, of an individual wearing a yellow vest. Ten days later, the officer came into contact with the appellant, who was wearing a yellow vest. Appellant admitted that he was the person in the surveillance video.

A McDonald's manager testified that appellant had come into the McDonald's twice on the same day and made purchases with the victim's credit cards. The purchaser swiped his card, and the register system generated a receipt. The time is recorded on the receipt. The receipts, however, were not required to be, and were not, signed by the appellant.

After presentation of the state's case, the appellant moved for judgment of acquittal, contending that the state had not proved he had represented himself as the victim when he used the card. The trial court denied the motion, and appellant was found guilty and convicted of the various charges, including fraudulent use of the credit card. He appeals.

Section 817.61, Florida Statutes (2016), makes it a crime to fraudulently use a credit card. The crime may be committed in alternative ways, as set forth in the statute:

> Fraudulent use of credit cards - **A person who, with intent to defraud** . . . a person or organization providing money, goods, services, or anything else of value . . . **uses**, for the purpose of obtaining money, goods, services, or anything else of value, **a credit card obtained or retained in violation of this part** . . . , *or* **who obtains money, goods, services, or anything else of value by representing, without the consent of the cardholder, that he or she is the holder of a specified card** . . . violates this section. A person who, in any 6-month period, uses a credit card in violation of this section two or fewer times, or obtains money, goods, services, or anything else in violation of this section the value of which is less than $100, is subject to the penalties set forth in s. 817.67(1). A person who, in any 6-month period, uses a credit card in violation of this section more than two times, or

> obtains money, goods, services, or anything else in violation of this section the value of which is $100 or more, is subject to the penalties set forth in s. 817.67(2) (emphasis added).

As he argued in the trial court, appellant maintains the state failed to prove that he had represented that he was the owner of the credit card he used, and thus the state had failed to prove the essential elements of a violation of section 817.61. He relies on *A.M. v. State*, 794 So. 2d 645 (Fla. 2d DCA 2001). *A.M.*, however, is distinguishable. There, the State had filed a petition for delinquency against A.M. alleging:

> with intent to defraud the issuer or a person or organization providing money, goods, services or anything else of value, **use a credit card** more than two (2) times in a six (6) month period or obtained money, goods, services or anything else of a value of greater than One Hundred Dollars ($100.00) **by representing, without the consent of the cardholder, that he is the holder of the card so used,** contrary to Section 817.61, Florida Statutes . . . .

*Id.* (emphasis added). When A.M. used her mother's credit card without her permission, she signed for her purchases in her own name and simply told the merchant that the card was her mother's. Thus, because she never represented that she was the owner of the card and told the merchant that the card was her mother's, the state failed to prove the charge it made.

In contrast, the information in this case charged the appellant in the alternative:

> COUNT 3: LEONARD ALVIN JONES . . . **did knowingly use a credit card that was obtained or retained unlawfully** or knowing that the credit card was forged with the intent to defraud anyone who provided money, goods, services, or anything else of value ***or* did obtain money, goods, property, services, or anything else of value by representing that he was the holder of a card without the authority** of [the victim] . . . contrary to Florida Statutes 817.61 and 817.67(1).

(emphasis added). The state clearly proved that appellant used a credit card unlawfully. Therefore, the state did prove the essential elements of the crime, and the court correctly denied the motion for judgment of acquittal on this charge.

3

Even as to the alternative alleged in the information of fraudulently representing that appellant was the holder of the card without the authority of the victim, the state proved its case. Appellant swiped the card, and the victim testified that she did not give anyone permission to use her card. Although the merchant did not ask and no one checked as to whether he was the owner of the card or had permission to use it, we think in this day and age of credit card transactions which do not require signatures above a certain amount, the act of swiping constitutes a representation that the swiper had authority to use the card. As the Maryland appellate court observed in *Clark v. State*, 981 A.2d 710, 722 (Md. Ct. Spec. App. 2009), "[o]rdinarily, when a person tenders a stolen credit card to a merchant as payment for goods or services, the person so presenting implicitly represents that he or she is the cardholder." We agree with this statement.

For the foregoing reasons, we affirm the convictions and sentences.

*Affirmed.*

MAY and DAMOORGIAN, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4